**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**KATINA RENISE TOWNSEND**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:17-CV-189-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                                    **DEFENDANT**

**ORDER GRANTING PAYMENT
OF ATTORNEY'S FEES AND EXPENSES**

Katina Renise Townsend filed this civil action on November 11, 2017, to appeal the
Commissioner's denial of disability benefits. This Court entered an Order Granting Motion to
Remand, dated April 3, 2018, that remanded the case to the Social Security Administration for
further proceedings. Docket 16. On April 19, 2018, this Court granted Plaintiff an award of
attorney's fees totaling $4,389.78 under the Equal Access to Justice Act (EAJA) for 23 hours of
attorney time. Docket 20.

Counsel for Plaintiff has now filed the instant motion for attorney's fees under
42 U.S.C. § 406(b)(1). Docket 21. Counsel reports that Plaintiff was successful on remand in
obtaining an award of past-due benefits and seeks an award of attorney's fees for services
performed in Federal District Court in the amount of $2,623.10. *Id*. The Agency withheld a total
of $13,012.88, twenty-five percent (25%) of the total of Plaintiff's past-due benefits, to pay her
representative. *Id*. Counsel explains the $2,623.10 requested in the instant motion constitutes "a
portion of the 25% fee for work before the agency and federal court" which altogether totals
$13,012.88. Docket 21 at 2 (the $13,012.88 amount is comprised of a $6,000.00 fee for work
performed at the administrative level; a $2,623.10 fee under § 406(b)(1) for services performed
in Federal District Court; and $4,389.78 in EAJA fees which has already been awarded).

In its response, the Commissioner asserts that counsel for Plaintiff is actually seeking $7,012.88, the amount of past due benefits withheld by the agency minus $6,000, the amount awarded to counsel for administrative representation. Docket 22. The Commissioner claims that the $2,623.10 requested is "an improper pre-award offset of the $4,389.78 in previously awarded Equal Access to Justice Act (EAJA) fees" and states that the EAJA award must be refunded to Plaintiff rather than deducted as a pre-calculation reduction of § 406(b) fees. *Id.*

In his reply brief, counsel for Plaintiff "objects to the futile step of having to reimburse Plaintiff the $4,389.78 in EAJA fees" and requests that the court approve the total fee of $13,012.88 and order payment of only $2,623.10 – "which is the difference between the total 25% of withheld funds ($13,012.88), EAJA fees received ($4,389.78), and the administrative fee ($6,000)." Docket 23. Alternatively, counsel for Plaintiff seeks $7,012.88 in order to reimburse the Plaintiff $4,389.78, the amount of the previously awarded EAJA fee. *Id.*

The Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards under which such a request is evaluated. Docket 22. However, considering the resulting hourly rate for work performed in Federal court on Plaintiff's behalf ($304.91), the Commissioner "would not characterize the rate as objectionable." *Id.*

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

pay twenty-five percent of any past-due benefits awarded may set the amount of the Section

406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of

Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA

are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id.*

In support of his motion, Mr. Reynolds submitted the "Fee Contract for Federal Court

SSI/Social Security Disability" signed by Plaintiff. Docket 21 at 13-14. The agreement states in

relevant part:

> I understand that the total fee could amount to many thousands of dollars or many
> hundreds of dollars per hour on an hourly basis; I understand that my attorney is
> accepting my case because of the possibility of obtaining substantial fees. I agree
> to cooperate in any way that I can so that my attorney's full fee is authorized. I
> understand that my attorney may seek the maximum fee this contract allows under
> the law. My attorney does not promise to minimize either the attorney fee he or she
> receives or that I pay under this contract.
>
> […]
>
> [M]y attorney has the right under this contract to ask the court to award as much as
> 25% of my past-due benefits for representing me in court. If the court awards an
> attorney fee out of my past-due benefits and also awards an EAJA fee for that same
> work, I will be refunded or credited with the amount of the smaller fee.

---

[2] In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then
> testing it for reasonableness, have appropriately reduced the attorney's recovery based on the
> character of the representation and the results the representative achieved. If the attorney is
> responsible for delay, for example, a reduction is in order so that the attorney will not profit from
> the accumulation of benefits during the pendency of the case in court. If the benefits are large in
> comparison to the amount of time counsel spent on the case, a downward adjustment is similarly
> in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for
> satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded
> by the fee agreement, a record of the hours spent representing the claimant and a statement of the
> lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

*Id*. at 13. Counsel states that the amount he is requesting, $2,623.10, deducts the EAJA fee already awarded, and, thus, Plaintiff has been credited (as opposed to refunded) with the amount of the smaller fee. *Id*. at 2-3.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the Court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). Although it is not clear when counsel received notification of the fully favorable decision and award of benefits, the Court notes that the instant motion was filed only two days after the July 10, 2019 Social Security Administration's Notice of Award stating the amount of benefits owed and the amount of past-due benefits withheld to pay Plaintiff's representative. Docket 21 at 6. The Court finds that Counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the Court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $2,623.10 from fees withheld from the Agency from Plaintiff's past-due benefits, taken in conjunction with the $4,389.78 EAJA award, would result in an effective rate of $304.91 per

hour for the 23 hours of reasonable work expended by Counsel before this Court. *See Order Granting Payment of Attorney's Fees and Expenses*, Docket 20.

Following analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that Counsel has presented a contingency-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court. Second, the Court notes that Counsel successfully argued Plaintiff's case before this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id.* at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, Plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested, in conjunction with total EAJA fee which has been credited to Plaintiff in calculating the fee requested herein, amounts to approximately 13.5% of Plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A).

Combined with the $6,000 administrative fee, Plaintiff's counsel is due to receive the entire withheld amount of $13,012.88 – equivalent to 25% of past-due benefits – as bargained for in the employment contract. For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees under to 42 U.S.C.§ 406(b) is **GRANTED.** Plaintiff's counsel is awarded $2,623.10, which is to be paid from Plaintiff's past-due benefits withheld by the Agency. Because Plaintiff's counsel credited the amount of the EAJA fees amount he already received in seeking this award, the court will not require that counsel for Plaintiff reimburse Plaintiff any amount, and the

remaining balance of Plaintiff's past-due benefits withheld by the Agency shall be paid to

Plaintiff.

      **SO ORDERED**, this the 1st day of August, 2019.

/s/ Roy Percy
_____
UNITED STATES MAGISTRATE JUDGE
